Joel Campbell-Blair, SBN 297387
Deputy County Counsel
Destinee Valeska, SBN 326685
Deputy County Counsel
825 Fifth Street
Eureka, CA  95501
Telephone: (707) 445-7236
Email: countycounsel@co.humboldt.ca.us
jcampbell-blair@co.humboldt.ca.us

*Attorneys for Humboldt Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND FRANK CHRISTIE<br><br>*Plaintiff,*<br><br>v.<br><br>COUNTY OF HUMBOLDT, a local public entity; TRAVIS MENDES, in his individual and official capacity; ADRIAN CHARLES KAMADA, in his individual and official capacity; WILLIAM HONSAL, in his individual and official capacity; and DOES 1-10, in his individual and official capacities;<br><br>*Defendants.* | Case No. 5:25-cv-10328-NW<br><br>HUMBOLDT DEFENDANTS' REPLY BRIEF IN SUPPROT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT<br><br><br>Date: June 3, 2026<br>Time: 9:00 a.m.<br>Courtroom: 3<br>Judicial Officer: Hon. Noël Wise |

**<u>Memorandum of Points and Authorities</u>**

**Introduction**

Defendants County of Humboldt ("the county"), William Honsal, Adrian Kamada, and Travis Mendes, (together "Defendants") respectfully Reply to Plaintiffs Opposition ("Opposition" Dkt. 30) to Defendants' Motion to Dismiss Plaintiff's First Amended Compliant ("Motion" Dkt 25).

**Argument**

**I.    The First and Second Causes of Action, and the Fifth and Sixth Causes of Action to the extent they rely on the same facts, are barred by the running of the statute of limitations.**

Plaintiff argues that Defendants have not carried their burden of establishing that the First and Second Causes of Action are barred by the running of the two year statute of limitations, because the case might be subject to tolling under Government Code Section 945.3.  which tolls the statute of limitations for any civil suit:

> "based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court."

Since the First Amended Complaint ("FAC") does not include the date on which criminal proceedings began, Plaintiff argues, the application of this tolling statute cannot be analyzed, and it is therefore not apparent on the face of the FAC whether these causes of action are time-barred. But this tolling argument is irrelevant—even if the case were tolled during the pendency of the charges, the causes of action built on the allegedly illegal searches and seizures in 2018 and 2021 are still untimely.

1

As an initial matter, it should be noted that Kamada is not a peace officer; by its plain language §945.3 would not apply to him. And no charges were filed related to the 2021 searches warrants—and therefore no tolling, under §945.3. ¶174. At best, the tolling argument would only apply to the 2018 search and seizure, and only to Mendes and Honsal.

But even as to the 2018 search and seizure, the tolling argument does not add up. Plaintiff waited two full years after dismissal of his criminal charges on December 1, 2023, to file this case, on December 1, 2025. ¶187. Dkt 1. This means the entire two-year statute of limitations period was exhausted *after* tolling pursuant to §945.3 would have stopped. The only possible circumstance in which the action might be timely for the 2018 search and seizure would be if tolling began on the very day of the searches, March 19, 2018. This would require the criminal complaint to have been filed that same day. While perhaps abstractly possible, it certainly is not plausible.

Plaintiff alleges the 2018 search began at 7:00 a.m. and lasted at least eight hours, involved more than 30 officers from state, local and federal agencies in a "SWAT-style raid." ¶119, 139. And multiple properties were searched that day. ¶24. It is not plausible that the evidence collected during this search could give rise to the filing of a criminal complaint that very same day. The plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. It is therefore apparent on the face of the complaint that these two claims are barred by the running of the statute of limitations.

Plaintiff attempts to avoid his burden to plead a plausible claim by arguing that it is Defendants' burden to prove "beyond doubt" that the plaintiff can prove "no set of facts" that would establish the timeliness of the claim, for which he cites *Supermail Cargo, Inc. v. U.S.,* 68 F.3d 1204, 1206 (9th Cir.1995)(citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). But *Conley's* "no set of facts" pleading standard

was "retired" in *Twombly*, as "an incomplete, negative gloss on an accepted pleading standard," which had "puzzl[ed] the profession for 50 years." *Twombly*, 550 U.S. 544, 563 (2007). There is no logical reason why language rejected for pleading in general should continue to apply specifically to pleadings of statutes of limitation. Instead, "[t]he burden of alleging facts which would give rise to tolling falls upon the plaintiff." *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993). Plaintiff must meet this burden to survive a motion to dismiss, and a plaintiff must "plead with particularity" facts showing tolling applied. *Id.* Plaintiff knows the date criminal charges were filed; his tolling argument is made in bad faith. If leave to amend is granted as to these causes of action, it should be limited to pleading the date of the filing of the criminal complaint.

Plaintiff also argues that California Judicial Council's Emergency Rule 9, which tolled certain causes of action from April 6, 2020, to October 1, 2020, "further tolled" the running of the statute of limitations. But the FAC pleads that Plaintiff's trial occurred in 2019, and charges were dropped in 2023. ¶30; 187. If tolling occurred during the pendency of the charges by §945.3, as Plaintiff argues, the statute of limitations would have already been tolled during the period provided for in Emergency Rule 9. Multiple tolling periods do not stack, they run concurrently. See e.g., *Montoya v. Ford Motor Co.*, 46 Cal. App. 5th 493, 493 (2020). Emergency Rule 9 did not allow Plaintiff to bank of extra days of repose to use after other tolling ended.

Plaintiff's First and Second Causes of Action, and the Fifth and Sixth Causes of Action to the extent they are based on the same stale facts, should be dismissed with prejudice.

## II. Defendants are entitled to qualified immunity as to the conspiracy claim, as they are agents of the same legal entity.

Plaintiff argues the intra-corporate conspiracy doctrine does not apply because Honsal, Mendes and Kamada were not agents of the same legal entity. Opp. 8. But

the FAC pleads that the county is a single, municipal corporation, and that "Humboldt County is, and was at all relevant times, responsible for all the actions and/or omissions and the policies, procedures, customs, and practices of the Humboldt County Sheriff's Office, the Humboldt County District Attorney's Office, and their respective employees, agents, and officers." ¶45.

Plaintiff's *Monell* claim likewise alleges that both the Sheriff and the District Attorney's Offices were subject to the policies, customs and practices of Humboldt County, and that the county authorized, allowed, condoned, encouraged, ratified, etc., employees of both entities to violate Plaintiff's constitutional rights. ¶247-254. Plaintiff cannot claim that these are county officers and employees, subject to county policies, whose actions give rise to county liability for the purposes a *Monell* claim, and then turn around and argue they are separate government entities for purposes of the conspiracy claim.

Plaintiff incorrectly argues that whether the individual defendants are agents of the same government entity is a question of fact, rather than law. Plaintiff did not name the Sheriff's Office or the District Attorney's Office as defendants, nor could he have, for it is the county that has the power to be sued under California law. Government Code §23004. The Sheriff and the District Attorney, and consequently their deputies, are mere officers of the county. Government Code §24000. And the several district courts who have considered this issue have come to the same conclusion. *Desandre v. Cty. of Oscoda*, No. 20-12209, 2021 U.S. Dist. LEXIS 162432, at *19 (E.D. Mich. Aug. 27, 2021); *Johnson v. Washtenaw Cty.*, No. 2:24-CV-12701-TGB-APP, 2025 U.S. Dist. LEXIS 190762, at *34 (E.D. Mich. Sep. 26, 2025); *Elersic v. Lake Cty.*, No. 1:03 CV 1338, 2005 U.S. Dist. LEXIS 10890, at *13 (N.D. Ohio June 7, 2005);(Cf. *Blue v. City of New York*, No. 16-CV-9990 (VSB), 2018 U.S. Dist. LEXIS 93509, 2018 WL 2561023, at *10 (S.D.N.Y. June 4, 2018) (finding that the intra-corporate conspiracy doctrine did not apply where

police officers were New York City employees and district attorneys were New York State employees).

Because the individual defendants are agents of the same legal entity, and the law is not clearly established as to whether agents of the same legal entity can be liable for conspiracy, the individual defendants are entitled to qualified immunity on the conspiracy claim. *Ziglar v. Abbasi*, 582 U.S. 120, 154 (2017).

### III. The Fifth Cause of Action for Retaliation is factually insufficient to state a claim.

"'[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions' for engaging in protected speech." *Nieves v. Bartlett*, 587 U.S. 391, 398. (2019), quoting *Hartman v. Moore*, 547 U. S. 250, 256 (2006). "To prevail on such a claim, a plaintiff must establish a "causal connection" between the government defendant's "retaliatory animus" and the plaintiff's "subsequent injury." *Id*. "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury." *Id*. at 399.

Plaintiff's Opposition doubles down on the vague, circumstantial allegations in the FAC: Plaintiff defended himself in a cockfighting case, the community was upset he was not convicted, Plaintiff put large rooster decals on his truck. Opp. 9. Plaintiff also asserts, for the first time in the Opposition, that the courtroom during the cockfighting trial included personnel from the Sheriff and District Attorney's Offices. For this he cites to a paragraph in the FAC that does not say this, though in fairness such personnel surely were there, their presence being necessary for any criminal trial.

Plaintiff does not allege that any of these individual defendants had anything to do with the cockfighting prosecution and can only speculate that they held any personal animosity against Plaintiff. Crucially, Plaintiff does not address at all the causal link between the alleged animus and the animal abuse prosecution.

Defendants' Reply to Opposition to Motion to Dismiss FAC

Plaintiff does, however, helpfully remind us that the alleged retaliatory action would have to deter or chill a person of ordinary firmness from continuing to engage in the protected conduct. *Mendocino Envtl. Ctr. v. Mendocino Cty., 192 F.3d 1283, 1300 (9th Cir. 1999).* No person of ordinary firmness would decline to defend himself from felony prosecution, especially not based on the vague fear that different, unrelated charges will be brought by different people nine years later. Certainly not a person who puts rooster decals on his truck to taunt the community after being acquitted in a cockfighting trial. Opp. 9.

## IV.    The Third, Fourth, Fifth and Sixth Causes of Action must be dismissed against Adrian Kamada because he is entitled to absolute prosecutorial immunity.

The Motion to Dismiss argues that Kamada is entitled to absolute prosecutorial immunity for the aspects of the case that fall within his prosecutorial role, pursuant to *Imbler v. Pachman*, 424 U.S. 409 (1976). These are the Third and Fourth causes of action for Malicious Prosecution and Fabrication of evidence, and Fifth and Sixth Causes of Action, for Conspiracy and Retaliation. All the specific facts pleaded that speak to these causes of action are related only to Kamada's prosecutorial acts. It is not clear whether Plaintiff disputes this. Plaintiff's argument addresses only those allegations related to Kamada's role in the 2018 search and seizure, which Plaintiff argues are not entitled to prosecutorial immunity. Opp. 11. As acknowledged in the Motion, absolute immunity might not apply to the search and seizure claims, which is why the Motion does not seek to dismiss them on that ground. Plaintiff's failure to address the actual issue of Kamada's immunity for prosecutorial acts concedes that absolute immunity applies to everything other than Kamda's role in the 2018 search.

**V.      All Causes of Action must be dismissed against William Honsal, as each cause is factually insufficient to state a claim.**

Plaintiff believes he has stated sufficient facts to show that Honsal was "involved in the events and ratified the conduct giving rise to Plaintiff's First through Sixth causes of action." Opp. 13. He cites to "FAC at 25, 34, 36-41, 48, 52, 59, and 62." Opp 13. These appear to be seven completely random citations to the FAC, only one of which mentions Honsal: FAC 48 states that at all relevant times he was the Sheriff of Humboldt County.

Plaintiff argues that "[a]s Deputy Mendes's supervisor, Sheriff Honsal supervised Deputy Mendes and ratified Deputy Mendes' conduct, so can be held liable for Deputy Mendes' actions." Opp. 13. Plaintiff pleads no act of ratification and avers no other facts showing that Honsal was sufficiently involved in the case to be liable for the acts Mendes. Plaintiff's on non-specific, conclusory statements fail to nudge the *possible* to the *plausible. al-Kidd v. Ashcroft*, 580 F.3d 949, 979 (9th Cir. 2009)

**VI.     All Causes of Action must be dismissed against the County, as each cause is factually insufficient to state a claim under *Monell*.**

"Establishing *Monell* liability is a high bar." *Nordgreen v. Scotts Valley Police Dep't*, No. 25-cv-02574-NW, 2025 U.S. Dist. LEXIS 222892, at *11 (N.D. Cal. Nov. 12, 2025). "Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom." *Little v. Gore*, 148 F. Supp. 3d 936, 957 (S.D. Cal. 2015) Plaintiff claims he has identified "at least seven specific policies, practices and customs" that contributed to his injuries. He then cites only to paragraph 70 in the FAC, which discusses unspecified state and local regulations related to carcass disposal. The FAC pleads many legal conclusions about the effects of county policies but provides no facts identifying the specific content of any policy or explaining how a policy constituted deliberate indifference or instigated the alleged violations.

7

## VII. The Third and Fourth Causes of Action against Mendes must be dismissed, as each cause is factually insufficient to state a claim.

### a. Malicious Prosecution

Malicious prosecution is the initiation of a criminal prosecution, with a malicious motivation, and without probable cause." *Usher v. Los Angeles*, 828 F.2d 556, 562 (9th Cir. 1987). In his Opposition, Plaintiff continues to fixate on Mendes' warrant for the 2018 search, ignoring Kamada's decision to initiate the prosecution. **"**Ordinarily, the decision to file a criminal complaint is presumed to result from an independent determination on the part of the prosecutor, and thus, precludes liability for those who participated in the investigation or filed a report that resulted in the initiation of proceedings." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004) citing *Smiddy v. Varney*, 665 F.2d 261, 266-68 (9th Cir. 1981). "However, the presumption of prosecutorial independence does not bar a…claim against state or local officials who improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." (*Id*.)

The FAC and Opposition focus entirely on Mendes' alleged omissions from the warrant application for the 2018 search and seizures. Nothing is pleaded about improper pressure on Kamada, or that Kamada was misled or unaware of exculpatory evidence. Nor does the FAC explain how the evidence from the raid was used at the preliminary hearing. Plaintiff argues that the prosecution "took root" in the warrants, an ambiguous statement without citation to the record or authority, and then moves on without ever addressing a causal nexus between the warrants the filing of the criminal complaint.

Plaintiff need not plead specific facts to overcome the presumption of prosecutorial independence at the pleading stage. *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002). But Plaintiff must always plead enough facts

to state a claim that is plausible. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Rather than pleading that Kamada was misled or improperly pressured, the FAC alleges that Kamada participated in the searches, was engaged in a conspiracy with Mendes, and that he knew there was no probable cause. The allegations therefore do not present a plausible claim—they foreclose one.

### b. Fabrication of evidence and withholding of material information

"To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence, and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty. To establish the second element of causation, the plaintiff must show that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the "proximate cause" or "legal cause" of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question." *Spencer v. Peters* 857 F.3d 789, 798 (9th Cir. 2017)(citations omitted.)

Plaintiffs Opposition argues that Mendes secretly recorded an interrogation of Plaintiff during the 2018 search, but did not reveal the recording until his cross examination during trial. Opp. 20. However, nothing that was said during this conversation, as alleged in the FAC, was material or exculpatory. FAC 128-134. Plaintiff's Opposition argues that Kamada, not Mendes, failed to turn over native files of the evidence used to support a felony charge against Plaintiff. Plaintiff argues that Mendes "staged" two photographs that were used against Plaintiff as evidence, citing to paragraph 49 in the FAC. Paragraph 49 says nothing on the subject. Never does the FAC allege that these photographs, or any other of the alleged evidentiary violations, were material to the prosecution, or prejudicial to Plaintiff.

9

Defendants' Motion argued that a *Brady* claim requires Plaintiff to show that nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict, citing *Smith v. Almada*, 640 F.3d 931, 939 (9th Cir. 2011), citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Upon further research, this appears to have been incorrect. As pointed out in *Park v. Thompson*, 851 F.3d 910, 927 n.19 (9th Cir. 2017), the requirement that a plaintiff actually be convicted to give rise to a *Brady* claim was not part of the binding opinion in *Almada*. Instead, held *Park,* plaintiff need only show that suppressed evidence or testimony was material to "the question whether the defendant was deprived of a fair trial." *Id.* at 926.

Plaintiff does not plead facts suggesting his trial was in any way rendered unfair by the allegedly suppression of evidence. He alleges his expert "proved" the defects in the photograph's metadata. ¶158, 159. And again, nothing said during the recorded interrogation was exculpatory, and Plaintiff pleaded that he learned of the recording during the trial, in time to use it if it were helpful.

## Conclusion

For the reasons stated above, Defendants request the Court grand the relief requested in the Motion.

Dated:  April 17, 2026                              Respectfully Submitted,


/s/
_____
Joel Campbell-Blair, Deputy County Counsel
Attorney for the County of Humboldt and
Individual Humboldt Defendants

10

Defendants' Reply to Opposition to Motion to Dismiss FAC

**CERTIFICATE OF SERVICE**

I, Joel Campbell-Blair, declare:

I am a citizen of the United States, over 18 years of age, a resident of the County of Humboldt, State of California, and not a party to the within action; that my business address is 825 5th Street, Rm 110, Eureka, California; that on April 17, 2026, I served a true copy of:

HUMBOLDT DEFENDANTS' REPLY BRIEF IN SUPPROT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

By electronic service with the Clerk of the United States District Court for the Northern District of California by using the CM/ECF system, which generated and transmitted a notice of electronic filing to CM/ECF registrants listed below:

Rick Richmond
rrichmond@larsonllp.com
Caroline Glennie-Smith
cglennie-smith@larsonllp.com
Donna Zamora-Stevens
dzamora–stevens@larsonllp.com
LARSON LLP
555 South Flower Street, 30th Floor
Los Angeles, CA 90071

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 17th day of April, 2026 at the City of Eureka, County of Humboldt, State of California.

/s/
_____
Joel Campbell-Blair, Deputy County Counsel
Attorney for the County of Humboldt and
Individual Humboldt Defendants