Joel Campbell-Blair, SBN 297387
Deputy County Counsel
Destinee Valeska, SBN 326685
Deputy County Counsel
825 Fifth Street
Eureka, CA 95501
Telephone: (707) 445-7236
Email: jcampbell-blair@co.humboldt.ca.us

*Attorneys for Defendant*
*County of Humboldt*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

RAYMOND FRANK CHRISTIE

*Plaintiff,*

v.

COUNTY OF HUMBOLDT, a local public entity; TRAVIS MENDES, in his individual and official capacity; ADRIAN CHARLES KAMADA, in his individual and official capacity; WILLIAM HONSAL, in his individual and official capacity; and DOES 1-10, in his individual and official capacities;

*Defendants.*

Case No. 5:25-cv-10328-NW

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMIS

Judicial Officer: Hon. Noël Wise
Date: February 10, 2027
Time: 9:00 a.m.
Courtroom: 3
Judicial Officer: Hon. Noël Wise

[Notice of Motion and Motion; Memorandum of Points and Authorities, and [Proposed] Order filed concurrently]

**REQUEST FOR JUDICIAL NOTICE**

Defendants County of Humboldt, William Honsal, Travis Mendes and Adrian Kamada, hereby request this Court take judicial notice pursuant to Federal Rule of Evidence 201(b) of Exhibit A, the Reporter's Transcript of Proceedings for Friday, December 1, 2023, in the case of People of the State of California v. Raymond Frank Christie, CR1802751.

"Federal courts may 'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.'" *Cactus Corner LLC v. U.S. Dept. of Agric.* (E.D. Cal. 2004) 346 F.Supp.2d 1075, 1092 (citing, *United States ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.* (9th Cir. 1992) 971 F.2d 244, 248.) This includes transcripts of oral proceedings. See *Engine Mfrs. Ass'n v. S. Coast Air Quality Maint. Dist.*, 498 F.3d 1031, 1039 n.2 (9th Cir. 2007)

Federal Rules of Evidence Rule 201(b) provides that a court may judicially notice a fact that is not subject to reasonable dispute because it can can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. This transcript of the hearing in which Plaintiff's felony charges were dismissed is a judicial proceeding, a public record, and certified by Kathryn Collins, CSR 7938. Its accuracy cannot reasonably be questioned.

In addition, "on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986). And "a court may consider 'material which is properly submitted as part of the complaint' on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Plaintiff cited the preliminary hearing transcript of his criminal proceeding in the Second Amended Complaint. ECF no. 44, fn. 4, 48, and 49. The transcript of the dismissal hearing is part of that same proceeding.

The specific facts to be judicially noticed are:

1. The Humboldt County District Attorney dismissed four felony counts.
2. Stephen Larson, on behalf of Mr. Christie, waived Christie's right to appeal 25 misdemeanor convictions.
3. The People's dismissal of the felony counts was expressly conditioned upon the waiver of the right to appeal the misdemeanors.
4. The Court characterized the agreement as a "conditional dismissal."

Dated: November 2, 2026 Respectfully Submitted,

/s/

Joel Campbell-Blair, Deputy County Counsel
Attorney for the County of Humboldt and
Individual Humboldt Defendants

# Exhibit A

IN THE HUMBOLDT COUNTY SUPERIOR COURT

IN AND FOR THE STATE OF CALIFORNIA

HONORABLE CHRISTOPHER G. WILSON, JUDGE

PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

vs. CASE NO: CR1802751

RAYMOND FRANK CHRISTIE,

Defendant.
______________________________________/

REPORTER'S TRANSCRIPT OF

P R O C E E D I N G S

* * *

FRIDAY, DECEMBER 1, 2023

* * *

APPEARANCES:

FOR THE PEOPLE: STACEY EADS
DISTRICT ATTORNEY
825 Fifth Street
Eureka, CA 95501
BY: ROGER REES
Deputy District Attorney

FOR DEFENDANT: STEPHEN G. LARSON
ATTORNEY AT LAW
555 South Flower Street, 30th Floor
Los Angeles, CA 90071

and

CAROLINE G. GLENNIE-SMITH
ATTORNEY AT LAW
555 South Flower Street, 30th Floor
Los Angeles, CA 90071

REPORTED BY: KATHRYN COLLINGS, CSR 7938

FRIDAY, DECEMBER 1, 2023

. . .

THE COURT: We will make a record then and this is for the record CR1802751, People versus Raymond Frank Christie.

Appearances for the record, please.

MR. REES: Roger Rees appearing for the People. Good afternoon, Your Honor.

MR. LARSON: Good afternoon, Stephen Larson for Mr. Raymond Christie.

MS. GLENNIE-SMITH: Caroline Glennie-Smith for Mr. Christie.

And yours is a 977 appearance I take it?

MR. LARSON: Yes, Your Honor.

THE COURT: I am advised that this matter is before the Court for sentencing. That said, it looks like it was initially on for some form of intervention. There were four remaining felony counts, the People have given an indication that they are prepared to dismiss those four felony counts, and the matter would proceed to sentencing as to the 45 remaining misdemeanor counts for which Mr. Christie was found guilty by jury trial. Is that all accurate?

MR. REES: That is all accurate.

THE COURT: Okay. Is there anything else that I am missing? I was in a different department. I was the trial judge. I know more about this case -- well, probably not more than any of you. I know more about the

proceedings, I should say, not necessarily the underlying matters, but the proceedings than anybody else in the courtroom, so that is why they asked me to come over and do the sentencing. I am the appropriate judge to conduct the sentencing. With all of that, is there anything else you want to add before I proceed to sentencing?

MR. REES: Yes, Your Honor. The key component of the disposition here is Mr. Christie is going to be waiving his right to appeal the 25 misdemeanor counts.

THE COURT: Okay.

MR. REES: And counsel appearing 977, I am sure can make a representation that they discussed those rights with him and that he agreed to waive them.

The People are making this disposition because of some -- some of the matters that happened at trial. There could be, in looking at them, something an appellate court may decide was not appropriate, and we are just trying to make sure that this is final. And by proceeding in this fashion, him waiving his rights to appeal the 25 misdemeanor convictions, and the People dismissing the four felony charges that are remaining, it makes it kind of final at this point.

In looking back at the history, reviewing the trial transcript and the exhibits, the People are of the position that if we were to proceed on the felony, it is unclear that we would be able to obtain a conviction. We did not in the first trial. We are unsure at this state of the evidence that we would have more likelihood of success

on the felonies. For those reasons, and the fact that he is willing to waive his appellate rights, we get some finality on all sides, and that is something that I think is a benefit for the people of Humboldt County.

THE COURT: Okay. So I would characterize then that as a conditional dismissal. The dismissal of the four felony counts in return for Mr. Christie's waiver of appellate rights as to his convictions achieved by way of jury trial, would that be a fair characterization?

MR. REES: Yes.

THE COURT: I also noted here in the notes that the People would not be seeking any additional jail time, is that also a condition of that dismissal?

MR. REES: And, Your Honor, that wouldn't be so much of a condition of dismissal. The People just aren't seeking additional jail time at this point. Given that these matters happened many years ago, Mr. Christie doesn't have as much as a speeding ticket since then. If he had been convicted and placed on probation, he would have been entitled to 1203.4 relief by now. It has been through many years, different judges, different prosecutors, different defense, all getting us here today. The People are not seeking additional jail beyond what he has now. Counsel for Mr. Christie is seeking that indication from the Court. It is conditional for them that he be given credit for time served in order for this disposition and him waiving his appellate rights.

THE COURT: I don't have a problem with giving you

an indication that on these misdemeanor counts, I wouldn't be imposing any additional jail time.

MR. LARSON: Very good, Your Honor.

THE COURT: All right. So is that agreed as to Mr. Christie?

MR. LARSON: Yes, Your Honor.

THE COURT: All right. And so on his behalf are you prepared to waive his right to appeal as to the remaining 25 misdemeanor counts.

MR. LARSON: As set forth on the record, yes.

THE COURT: All right. I will accept a waiver of his appellate rights, that -- do you waive arraignment for judgment and sentencing?

MR. LARSON: Yes.

THE COURT: Any legal cause not to proceed?

MR. LARSON: No.

THE COURT: I can give you an indicated, but I will hear from everyone first. Mr. Rees, People's position as to sentencing?

MR. REES: Your Honor, the People would submit the matter to the Court for standard sentence based on this with the understanding as to additional custody time the Court already gave an indication on.

We would -- I don't know in terms of if the Court would be inclined on a case of this age to impose probation time or not. We are not seeking anything specific for the Court to do in terms of that or any fines, so we will submit the matter to the Court.

THE COURT: Okay. And on behalf of Mr. Christie, do have any comments relative to sentencing?

MR. LARSON: Your Honor, it has been four years now since these charges were brought, and as counsel for the government has indicated, there has not been so much as a speeding ticket. This has been a very onerous time for Mr. Christie. The burden of complying with pretrial supervision and the financial limitations that it has had for Mr. Christie have been quite significant in terms of being able to conduct his business, obtain loans, et cetera. So I think from a punishment prospective that has been netted out, and I don't believe that any further punishment is warranted. I think that is consistent with the People's position. So I would ask simply that a time-served sentence be imposed.

THE COURT: I don't know if he has actually any time served. I suppose he was probably arrested -- my thought is the standard disposition -- initially my tentative -- I will entertain any comments if you wish, but my tentative is -- on each misdemeanor count the standard disposition is a fine which including penalty assessments is $480.

With that then, which is -- frankly, fish and game violations sometimes are quite onerous. But with that if it were $480 times 25 counts, that is $12,000. My thought is that rather than simply a fine, I would convert or allow the payment of those -- that amount to a organization dedicated to the protection of animals, and I -- such as the SBCA, or

akin to the SBCA which I would include here locally would be Sequoia Humane Society, Miranda's Rescue, and that -- otherwise there would be the Court Operations Fee, and Criminal Conviction Assessment in the amount of $40 and $30 respectively. Those have to be applied to each count, and then there is a restitution fine pursuant to 1202.4, Subsection B, in the amount of $150. That goes as to the file not as to each count, so that is a single $150 restitution fine that comes to the Court as does the Court Operations Fee and Criminal Conviction Assessment in each.

And then there is a -- if I don't place him on probation -- my thought initially was to place him on probation for the standard 12 months pursuant to AB1950. But I will concede your argument that he has been going through this for the last four years and hasn't had any violations. My thought was 12 months and search and seizure for fish and game or agricultural code violations; but if counsel are indicating to me they don't think that that is warranted under the circumstances of his being violation free for the last four years, that is fine as well.

MR. LARSON: Thank you, Your Honor.

THE COURT: Any comments as to the Court's tentative?

MR. LARSON: I think that that is appropriate, Your Honor. I think Mr. Christie will be giving the money, as you indicated, to an appropriate animal organization.

THE COURT: So the only reason I would place him on a conditional revocable release is simply to ensure that

in lieu of fines that amount be paid, and I don't know if there is any -- you know, my thought is I would place him on a grant of six-month conditional revocable release and --

MR. LARSON: Your Honor, I could assure you the fine will be paid within seven days if the Court would simply give a --

THE COURT: Okay.

MR. REES: We can do a two-week probationary period.

THE COURT: I will not put him on probation. I will simply order that. That is a Court order. Obviously he has to comply with the Court order. The only distinction being that if he doesn't comply with the Court order, it is not a violation of probation, but it is still an obligation that is owing.

MR. LARSON: We will get it paid, Your Honor.

THE COURT: In this matter it is the judgment and sentence of the Court that probation be denied, and the Court would order that Mr. Christie in lieu of a fine as to the 25 counts pay an amount of $12,000 to an animal rescue or aid organization such as the SBCA, Miranda's Rescue, Sequoia Humane Society or other organizations as agreed between counsel. I will give the People an opportunity to monitor that so it goes to an appropriate organization. That will be my intent.

As to each count, there is a Court Operations Fee in the amount of $40, Criminal Conviction Assessment in the amount of $30. As to the entirety of the file, there is a

restitution fine pursuant to 1202.4, Subsection B, in the amount of $150, and there is no second fee because I am not placing him on probation.

Anything further?

MR. LARSON: Nothing from the defense, Your Honor.

MR. REES: Thank you, Your Honor. No.

THE COURT: All right. Thank you and then --

MR. REES: As to the four felony counts, the People have a motion to dismiss those.

THE COURT: All right. Counts One through Four then are dismissed on the motion of the People based on the negotiated disposition and waiver of appellate rights as to the remaining 25 counts.

All right. Anything else?

MR. REES: Thank you, Your Honor.

MR. LARSON: Thank you, Your Honor.

MS. GLENNIE-SMITH: Take care, Your Honor. Thank you.

. . .

(Proceedings concluded this date.)

REPORTER'S CERTIFICATE

State of California )
) ss.
County of Humboldt )

I, KATHRYN COLLINGS, a Certified Shorthand Reporter, State of California, do hereby certify that I am the reporter who reported the proceedings, PEOPLE OF THE STATE OF CALIFORNIA VS. RAYMOND FRANK CHRISTIE, CASE NO. CR1802751 at the time and place therein mentioned previously; that I reported the same fully and correctly; that the foregoing pages listed below constitute a full, true, complete and correct transcription of my shorthand notes taken at said time and place; and that said pages are a full, true, complete and correct statement of the proceedings then and there had.

| DATE | PAGES |
| --- | --- |
| December 1, 2023 | 1 - 9 |

DATED this 7th day of December 2023.

Kathryn Collings

KATHRYN COLLINGS, CSR 7938